UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DEDAN WILSON and BARTLETT WILSON,

                                            Plaintiffs,

                -against-

THE CITY OF YONKERS, P.O. PAUL SAMOYEDNY,
P.O. ROBERT WILGERMEIN, P.O. DENNIS
DIDONATO, P.O. FELIX RIOS, P.O. FRANK
FERNANDEZ, LT. DANIEL BEREDINELLI, SGT.
THOMAS PHELAN, SGT. "JOHN" KIVEL, P.O. PETER
MULLEN, P.O. JEREMIAH FOLEY, and P.O.s JOHN
and JANE DOE #1-10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                            Defendants.

-------------------------------------------------------------------X

**AMENDED COMPLAINT**

08 Civ. 7646 (CS)

**JURY TRIAL DEMANDED**

Plaintiffs DEDAN WILSON and BARTLETT WILSON, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff DEDAN WILSON also asserts supplemental state law tort claims.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff DEDAN WILSON is an African-American male, a citizen of the United States, and at all relevant times a resident of the City of Mt. Vernon and the State of New York.

7.  Plaintiff BARTLETT WILSON is an African-American male, a citizen of the United States, and at all relevant times a resident of the City of Yonkers and the State of New York.

8.  Defendant THE CITY OF YONKERS was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.  Defendant THE CITY OF YONKERS maintains the Yonkers Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of Yonkers.

10. That at all times hereinafter mentioned, the individually named defendants P.O. PAUL SAMOYEDNY, P.O. ROBERT WILGERMEIN, P.O. DENNIS DIDONATO, P.O. FELIX RIOS, P.O. FRANK FERNANDEZ, LT. DANIEL BEREDINELLI, SGT. THOMAS PHELAN, SGT. "JOHN" KIVEL, P.O. PETER MULLEN, P.O. JEREMIAH FOLEY, and P.O.s JOHN and JANE

DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.  That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the City of Yonkers.

12.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF YONKERS.

13.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF YONKERS.

## FACTS

14.  On June 16, 2007, at approximately 10:30 p.m., plaintiffs DEDAN WILSON and BARTLETT WILSON were lawfully present in front of 25 St. Casimir Avenue, in the City of Yonkers, in the County of Westchester, in the State of New York.

15.  At aforesaid time and place, plaintiffs were suddenly accosted by members of the Yonkers Police Department.

16.  Defendants beat plaintiff DEDAN WILSON with their batons, threw him to the ground, continued to beat him with their batons, slammed his face into the ground, kicked him, handcuffed him, punched him, and deliberately banged his head against the doorframe of their vehicle.

17.  As a result of this unprovoked assault, plaintiff DEDAN WILSON sustained, *inter alia*, lacerations requiring sutures and injuries to his head, back, torso, and limbs.

18.  Defendants hit plaintiff BARTLETT WILSON in the chest with their batons.

19. As a result of this unprovoked assault, plaintiff BARTLETT WILSON sustained, *inter alia*, contusions to his chest.

20. Defendants handcuffed plaintiff BARTLETT WILSON and held him in custody in their vehicle for approximately one hour.

21. Plaintiff DEDAN WILSON was transported to St. Joseph's Medical Center, where he was treated for the injuries that defendants had inflicted.

22. From the hospital, plaintiff DEDAN WILSON was transported to Central Booking.

23. Plaintiff DEDAN WILSON was held and detained in police custody for approximately forty-eight hours.

24. While in police custody, plaintiff DEDAN WILSON was denied necessary medical treatment for his diabetes.

25. Defendants initiated criminal proceedings against plaintiffs despite defendants' knowledge that they lacked probable cause to do so.

26. On a date currently not known, all charges against plaintiff BARTLETT WILSON were dismissed.

27. During the period between June 16, 2007 and June 2, 2008, plaintiff DEDAN WILSON was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

28. On or about June 2, 2008, all charges against plaintiff DEDAN WILSON, except for disorderly conduct, were dismissed.

29. As a result of the foregoing, plaintiffs DEDAN WILSON and BARTLETT WILSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Yonkers and the Yonkers Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

38. As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical injuries.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Each and every individual defendant had an affirmative duty to intervene on plaintiffs' behalf to prevent the violation of their constitutional rights.

41. The individual defendants failed to intervene on plaintiffs' behalf to prevent the violation of their constitutional rights despite having had a realistic opportunity to do so.

42. As a result of the aforementioned conduct of the individual defendants, plaintiffs' constitutional rights were violated and they were subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. As a result of the aforesaid conduct by defendants, plaintiff BARTLETT WILSON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

45. As a result of the foregoing, plaintiff BARTLETT WILSON's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants misrepresented and falsified evidence before the District Attorney.

48. Defendants did not make a complete and full statement of facts to the District Attorney.

49. Defendants withheld exculpatory evidence from the District Attorney.

50. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

51. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

52. Defendants acted with malice in initiating criminal proceedings against plaintiffs.

53. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

54. Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

55. Defendants acted with malice in continuing criminal proceedings against plaintiffs.

56. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

57. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff BARTLETT WILSON's favor on a date currently not known, when all charges against him were dismissed.

58. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DEDAN WILSON's favor on or about June 2, 2008, when all charges against him, except for disorderly conduct, were dismissed.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants issued legal process to place plaintiffs under arrest.

61. Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

62. Defendants acted with intent to do harm to plaintiffs without excuse or justification.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department included, but were not limited to using excessive force while taking individuals into custody.

66. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct including, but not limited to, brutal attacks by Yonkers Police Department officers upon Rui Florim, Kenneth Fober, Ger-Shun Neely, Dara Massey, Irma Marquez, Joseph Srikishun, Ronald Mack, and Eric Brown.

67. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the investigation currently being conducted by the United States Department of Justice.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department constituted deliberate indifference to plaintiffs' safety, well-being and constitutional rights.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department, plaintiffs were unlawfully subjected to excessive force.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    Not to have excessive force imposed upon them;

    D.    To be free from unwarranted and malicious criminal prosecution;

    E.    To be free from malicious abuse of process;

    F.    Not to have cruel and unusual punishment imposed upon them; and

    G.    To receive equal protection under the law.

74. As a result of the foregoing, plaintiff DEDAN WILSON is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

75. As a result of the foregoing, plaintiff BARTLETT WILSON is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

## PENDANT STATE CLAIMS

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Within ninety (90) days after the claim herein accrued, plaintiff DEDAN WILSON duly served upon, presented to and filed with the City of Yonkers, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

78. The City of Yonkers has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79. The City of Yonkers demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on July 30, 2008.

80. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

81. Plaintiff has complied with all conditions precedent to maintaining the instant action.

82. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

85. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Defendant police officers touched plaintiff in a harmful and offensive manner.

88. Defendant police officers did so without privilege or consent from plaintiff.

89. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS ABUSE OF PROCESS

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendant police officers issued legal process to place plaintiff under arrest.

92. Defendant police officers arrested plaintiff to obtain a collateral objective outside the legitimate ends of the legal process.

93. Defendant police officers acted with intent to do harm to plaintiff, without excuse or justification.

94. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

97. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF YONKERS.

98. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF YONKERS.

99. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

100.   As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING AND RETENTION

101.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.   Upon information and belief, defendant City of Yonkers failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

103.   Defendant City of Yonkers knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. PAUL SAMOYEDNY, P.O. ROBERT WILGERMEIN, P.O. DENNIS DIDONATO, P.O. FELIX RIOS, P.O. FRANK FERNANDEZ, LT. DANIEL BEREDINELLI, SGT. THOMAS PHELAN, SGT. "JOHN" KIVEL, P.O. PETER MULLEN, P.O. JEREMIAH FOLEY, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT TRAINING AND SUPERVISION

104.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.   Upon information and belief the defendant City of Yonkers failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

106.  As a result of the foregoing, plaintiff DEDAN WILSON is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

**WHEREFORE**, plaintiff DEDAN WILSON demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, and plaintiff BARTLETT WILSON demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, all plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           November 9, 2009

*Rose M. Weber*
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1607
New York, NY 10007
(212) 748-3355