UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

DEDAN WILSON,

                              Plaintiff,         **PLAINTIFF'S**
                                                    **REQUESTS**
                -against-                 **TO CHARGE**

THE CITY OF YONKERS, et al.,                  08 Civ. 7646 (LMS)

                                  Defendants.

-----------------------------------------------------------------------X

                  Plaintiff DEDAN WILSON, by his attorney, Rose M. Weber, pursuant to Rule 51

of the Federal Rules of Civil Procedure and to the Court's individual rules, respectfully requests

that the Court give the following instructions to the jury.  Plaintiff further requests that the jury

be given a copy of the instructions during their deliberations.

Dated:        New York, New York
                November 1, 2010

                                      _____/s_____
                                      ROSE M. WEBER (RW 0515)
                                      Attorney for Plaintiff
                                      225 Broadway, Suite 1607
                                      New York, NY 10007
                                      (212) 748-3355

## INTRODUCTION TO PLAINTIFF'S CLAIMS

In this action against the City of Yonkers, Paul Samoyedny, Robert Wilgermein, Dennis DiDonato, Felix Rios, Frank Fernandez, Daniel Beredinelli, Thomas Phelan, Michael Kivel,  Peter Mullen, and Jeremiah Foley,  plaintiff Dedan Wilson  seeks compensatory and punitive damages pursuant to Section 1983 of Title 42 of the United States Code for violation of his constitutional rights under the Fourth Amendment, based upon defendants' use of excessive force.  Plaintiff also seeks damages under state law for battery and for intentional infliction of emotional distress.  Finally, plaintiff seeks damages from the City of Yonkers on the basis of *respondeat superior*, a term that I shall explain to you later in these instructions.

**THE STATUTE:  42 U.S.C. § 1983**

Plaintiff Dedan Wilson brings this action claiming a violation of 42 U.S.C. § 1983, alleging that defendants City of Yonkers, Paul Samoyedny, Robert Wilgermein, Dennis DiDonato, Felix Rios, Frank Fernandez, Daniel Beredinelli, Thomas Phelan, Michael Kivel, Peter Mullen, and Jeremiah Foley, acting under color of state law, deprived him of one or more rights, privileges or immunities secured by the constitution, laws or treaties of the United States.

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983.  The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states in part that:

Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution.  It was passed by Congress to enforce the Fourteenth Amendment of the Constitution.  The Fourteenth Amendment provides in relevant part that:

no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right.  Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution.  Later in these instructions I will explain to you what these federal constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

(Authority:  4 Martin A. Schwartz & George C. Pratt, <u>Section 1983 Litigation Jury Instructions</u> (2000) (hereinafter "Schwartz"), Instruction 3.01.1.)

## ELEMENTS OF A SECTION 1983 CLAIM

To establish a claim under Section 1983, plaintiff must demonstrate, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that in so acting, one or more of the individual defendants violated one or more constitutional rights of the plaintiff; and

Third, that a defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

(Authority:  4 L. Sand, J. Siffert, S. Reiss, J. Sexton, J. Thorpe, Modern Federal Jury Instructions (1988) (hereinafter "Sand"), Instruction 87-68.)

## FIRST ELEMENT:  ACTION UNDER COLOR OF STATE LAW

The first element of plaintiff's claim is that defendants acted under color of state law.

In this case, it is not disputed that, in the incident in question, the individual defendants were acting in their official capacity as City of Yonkers police officers and, therefore, that they were acting under color of state law.  The parties agree that the defendants were acting under color of state law.

Your job will be to determine whether plaintiff has established, by a preponderance of the evidence, the remaining two elements of his Section 1983 claim: specifically, whether defendants deprived plaintiff of a constitutional right, privilege, or immunity, and if so, whether defendants' acts were the proximate cause of the injuries and consequent damages sustained by plaintiff.

## SECOND ELEMENT:  DEPRIVATION OF A FEDERAL RIGHT

The second element of plaintiff's claims is that he was deprived of various federal rights by defendants.  Specifically, plaintiff claims that he was deprived of his right to be free of excessive force under the Fourth Amendment to the federal Constitution.  In order for plaintiff to establish the second element, he must show three things by a preponderance of the evidence: first, that defendants committed the acts alleged by plaintiff; second, that, in performing the acts alleged, defendants acted intentionally or recklessly; and third, that those acts caused plaintiff to suffer the loss of a federal right.

(Authority:  Sand, Instruction 87-74.)

## THE FIRST PART OF THE SECOND ELEMENT:  COMMISSION OF THE ACTS

You must first determine whether or not one or more of the defendants acted in the manner alleged by plaintiff -- that is, that the defendant you are considering used excessive force.

## THE SECOND PART OF THE SECOND ELEMENT:  INTENT

If plaintiff has established that the defendant you are considering has committed one or more of the acts alleged, he must also prove that the defendant intended to have committed or acted recklessly in committing such acts.  If the acts of the defendant you are considering were merely negligent, then you must return a verdict for that defendant.  I shall next explain the terms intentional, reckless and negligent.

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  An act is reckless if it is done in conscious disregard of its probable consequences.  An act is negligent if a defendant was under a duty or obligation, recognized by law, that required the defendant to adhere to a certain standard of conduct to protect others against unreasonable risks, and that defendant breached that duty or obligation.

In determining whether the defendant you are considering acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, in order to determine a person's intent, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

(Authority:  Sand, 87-75, 87-76, 87-77, 87-78.)

## THE THIRD PART OF THE SECOND ELEMENT:  LOSS OF A FEDERAL RIGHT

   For the third and final part of the second element, you must determine whether the acts committed caused plaintiff to suffer the loss of one or more federal rights.  The right at issue is the right to be free of excessive force.  I will explain the elements of this claim later in these instructions.

## THIRD ELEMENT:  PROXIMATE CAUSE

The third element that plaintiff must prove is that the acts of the defendant you are considering were a proximate cause of the injuries he sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage sustained by plaintiff.  An act or omission can be a proximate cause if it was a substantial factor in bringing about or actually causing the injury -- that is, if the injury or damage was a reasonably foreseeable consequence of a defendant's acts or omissions.  If an injury was a direct result or a reasonably probable consequence of a defendant's acts or omissions, it was proximately caused by such act or omission.  In other words, if the acts or omissions of a defendant had such an effect in producing the injury that reasonably prudent persons would regard it as being the cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

(Authority:  Sand, 87-79.)

**INTRODUCTION TO PLAINTIFF'S SUBSTANTIVE § 1983 CLAIMS**

Plaintiff makes one substantive claim under the United States Constitution: excessive force.  I will now address this claim.

**SUBSTANTIVE CLAIM:  EXCESSIVE FORCE**

Plaintiff claims that defendant police officer violated his Fourth Amendment rights by using excessive force when, both before and after plaintiff was handcuffed, defendants punched and kicked him, hit him with their batons, and banged his head against the ground.  Defendants deny that they used excessive force.  The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures.  A detention by police is a seizure.  A police officer may use reasonable force in detaining a suspect, but the Fourth Amendment prohibits the use of unreasonable force.  Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when detained by police.

Every person has the right not to be subjected to unreasonable or excessive force while being detained by a law enforcement officer, even though the detention itself is otherwise in accordance with the law.  On the other hand, in lawfully detaining a suspect, police officers have the right to use such force as is necessary under the circumstances to effect the detention, and at the same time to protect themselves or others from physical harm.  Whether or not the force used in detaining plaintiff was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the detention, under the circumstances in this case.

If you determine that plaintiff was already in handcuffs and in defendants' control at any of the times that defendants used force against him, then you <u>must</u> find that the force used by

13

defendants was excessive.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between plaintiff and defendants would not be sufficient by itself to demonstrate that defendants violated plaintiff's constitutional rights. On the other hand, you may find that punching, kicking, and hitting plaintiff with a hard object, if you so find, constituted unreasonable and excessive force that would render defendants liable.

The question before you is whether the actions of defendant police officers on June 16, 2007, were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to the police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether plaintiff posed an immediate threat to the safety of the police officers or others, and whether plaintiff was actively resisting being detained at the time the alleged excessive force was applied.

14

Now the Constitution must not be trivialized.  Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force.  The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

If you find that defendants' use of force was reasonable, you must return a verdict for defendants.  If you find that defendants' use of force was unreasonable, your verdict must be for plaintiff. In that case you must then determine whether plaintiff's alleged injuries were proximately caused by defendants' use of excessive force.

Plaintiff has the burden of proving that defendants' actions were a proximate cause of his injuries.  Injury is proximately caused by the defendant's conduct when it appears from the evidence in the case that the conduct played a substantial role in bringing about the injury, in this case, facial injuries and a laceration to plaintiff's head that required suturing, as well as injuries to plaintiff's back and multiple contusions to plaintiff's body.

In sum, if you find that plaintiff has established, by a preponderance of the evidence, that a defendant used excessive force in detaining him, plaintiff is entitled to recover from that defendant for the injuries and damages caused by the excessive force.

However, if you find that plaintiff has failed to establish, by a preponderance of the

evidence, either that the defendant used excessive force in effecting the detention, or that the

excessive force caused plaintiff's injuries, then your verdict will be in favor of the defendant.

(Authority:  Schwartz, Instruction 7.01.1; *Johnson v. City of New York*, No. 05 Civ. 2357, 2006
WL 2354815, at *5 (S.D.N.Y. Aug. 14, 2006.)

**FAILURE TO INTERVENE**

If you find that any defendant's use of force was not reasonable, then you must also decide whether any other defendant had an opportunity to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.  If you determine that that defendant had an opportunity to intervene and failed to do so, plaintiff is entitled to recover from that defendant for the injuries and damages caused by the excessive force.

(Authority:  *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001).)

17

## STATE LAW CLAIMS -- INTRODUCTION

I now turn to plaintiff's state law claims against defendants. We call these claims "supplemental state law claims" because they are alleged in addition to the federal constitutional claims. These claims are not for deprivations of federal constitutional rights, but they are claims based on the state constitution and on common law torts, namely, civil wrongs of battery and intentional infliction of emotional distress, brought under state law principles.

For the most part, the elements of these state law claims track the elements of the federal Section 1983 claims.  They have generally similar elements.  But the state claims have certain differences that I will point out to you during these instructions.

I have already instructed you on the elements of the federal Section 1983 excessive force claim, which plaintiff must prove by a preponderance of the evidence.  Now I will review the similar causes of action brought as supplemental state law claims.

## STATE LAW CLAIM:  BATTERY

I instruct you that the elements of the state law claim of battery track the elements of the federal Section 1983 excessive force claim, and that if you find for plaintiff on the federal excessive force claim, you must find for plaintiff on the state law battery claim.  Similarly, if you find for defendants on the federal excessive force claim, you must find for defendants on the state law battery claim.

Plaintiff claims that, both before and after he was handcuffed, defendants punched and kicked him, hit him with their batons, and banged his head against the ground.  Defendants deny that they used excessive force.

Unlike the federal Section 1983 excessive force claim, responsibility for a state law battery is incurred not only by the person committing the battery but also by his employer, here the City of Yonkers, if the battery was committed within the scope of the officer's employment.  This is what I meant when I referred to the concept of *respondeat superior* earlier in these instructions.   I instruct you as a matter of law that the City is responsible for the actions of its police officers in regard to any battery that may have taken place during this incident.  Therefore, if you find that any individual defendant is liable for the supplemental state law claim of battery, you must also find the City liable.   In addition, if you find that a police officer other than the defendants committed a battery upon plaintiff, you must find the City liable.

## STATE LAW CLAIM:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

One who intentionally and for the purpose of causing severe emotional distress or recklessly conducts himself toward another person in a manner so shocking and outrageous that it exceeds all reasonable bounds of decency is liable to such person for any resulting severe emotional distress.

Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result. An act is reckless when it is done in such a manner and under such circumstances as to show utter disregard of the consequences that may follow.

Emotional distress is severe when it is of such intensity and duration that no reasonable person should be expected to endure it.

If you find, first, that defendants' conduct toward plaintiff was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the community would tolerate and, second, that defendants' conduct caused severe emotional distress to plaintiff and, third, that defendant acted with the desire to cause such distress to plaintiff; or under circumstances known to defendant which made it substantially certain that that result would follow;  or recklessly and with utter disregard of the consequences

that might follow, your finding on this issue will be for plaintiff.

If, on the other hand, you find, first, that defendants' conduct was not so outrageous and shocking as to exceed all reasonable bounds of decency as measured by what the average member of the community would tolerate or, second, that although it was, defendants' conduct did not cause severe emotional distress to plaintiff or, third, that although defendants' conduct was outrageous and shocking and did cause severe emotional distress to plaintiff, defendants did not act with the desire to cause such distress to plaintiff; nor under circumstances known to defendant which made it substantially certain that that result would follow, nor recklessly and with utter disregard of the consequences that might follow, your finding on this issue will be for the defendant.

## POLICE OFFICER AND CIVILIAN WITNESSES

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are police officers.

In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a police officer.

(Authority:  Schwartz, Instruction 2.03.7.)

## SINGLE WITNESS

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The testimony of a single witness which produces in your minds a belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

(Authority:     Sand,   Instruction 76.01; Devitt, <u>Federal Jury Practice</u> § 72.04.)

## DAMAGES – INTRODUCTION

If you find that plaintiff has proved by a preponderance of the evidence all of the elements of one or more of his claims for relief for the alleged violation of his federal or state rights, you must then decide if he suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.  It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that plaintiff has established liability on at least one of his Section 1983 or state claims.

Should you decide that plaintiff has proved a particular claim by a preponderance of the evidence, you must consider awarding three types of damages: compensatory damages, nominal damages, and punitive damages.  I will now define each type of damages.

(Authority:  Schwartz, Instruction 2.05.1.)

## COMPENSATORY DAMAGES

If you find that a defendant is liable to plaintiff, then you must determine an amount that is fair compensation for all of plaintiff's damages.  These damages are called compensatory damages. The purpose of compensatory damages is to make plaintiff whole; that is, to compensate plaintiff for the damage that he has suffered.  Compensatory damages are not limited to expenses that plaintiff may have incurred because of his injury.  If plaintiff wins, he is entitled to, in addition to his expenses, compensatory damages for the physical injury, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of a defendant's conduct.

You may award compensatory damages only for injuries that plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered, or that plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case.  We all know that the nature and degree of pain and mental distress may differ widely from person to person.  Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents.  Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate.  In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate plaintiff for the actual pain, suffering, and emotional distress you find that he endured as the direct result of any constitutional deprivation he may have suffered.  The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

Similarly, you may award damages for any bodily injury that plaintiff sustained and any pain and suffering or disability that plaintiff experienced in the past or will experience in the future as a result of the bodily injury.  No evidence of the value of intangible things, such as mental or physical pain or suffering, has been or needs to be introduced. You are not trying to determine value, but an amount that will fairly compensate plaintiff for the damages he has suffered. There is

no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in the light of the evidence.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

If you find for plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.  In addition, if you find that plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

(Authority:  Schwartz, Instructions 18.01.1, 18.01.5, 18.01.8.)

**<u>NOMINAL DAMAGES</u>**

If you return a verdict in plaintiff's favor on his § 1983 claim, but find that he failed to meet his burden of proving that he suffered any actual injuries, then you must award plaintiff "nominal damages" not to exceed one dollar.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

If, however, you find that any defendant used excessive force while detaining plaintiff and that this caused a physical injury to plaintiff, then you may not award nominal damages.  You must award compensatory damages in an amount that is fair compensation for all of plaintiff's damages, as I have instructed you previously.

(Authority:  Schwartz, Instruction 18.03.1; *Atkins v. New York City*, 143 F.3d 100, 103 (2d Cir. 1998).)

## PUNITIVE DAMAGES

If you have awarded plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of defendants that proximately caused injury or damage to plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within

the discretion of the jury.  When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.  In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon plaintiff.

(Authority:  Schwartz, Instruction 18.07.1.)

## DOUBLE RECOVERY NOT PERMITTED

You should not award damages more than once for the same injury.  For example, if plaintiff were to prevail on two claims and establish damages for the same injury under both claims, you could not award him damages on both of those claims.  Plaintiff is entitled to be made whole, but is not entitled to recover more than he lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate plaintiff fully for all of his injuries.

Similarly, because plaintiff presents both federal § 1983 claims and supplemental state law claims based on the same events, you must be careful in fixing damages that you do not award double compensation for a single injury resulting from violations of the different rights.  On the other hand, if defendants violated more than one of plaintiff's rights and you can identify separate injuries from the separate violations, you should award an amount of compensatory damages that will fairly and justly compensate the plaintiff for each of his separate injuries.  I emphasize again, however, that you should not compensate for the same injury twice merely because it was caused by the violation of two different legal rights, one federal and the other state.

(Authority:  Schwartz, Instructions 18.05.1, 18.05.2.)